IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00007-BNB

STEVEN R. WILSON,

    Applicant,

v.

PAMELA PLOUGH, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN W. SUTHERS,

    Respondents.

ORDER OF DISMISSAL

Applicant, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. On January 2, 2013, Mr. Wilson filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his sentence imposed in El Paso County, Colorado, district court case number 97CR2521. On February 4, 2013, Mr. Wilson filed an amended application (ECF No. 7). He has paid the $5.00 filing fee. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Wilson previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence. *See Wilson v. Estep*, No. 08-cv-00884-ZLW (D. Colo. Oct. 28, 2008). The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172

(10th Cir. 1979).

In No. 08-cv-00884-ZLW, the Court noted that Mr. Wilson was convicted by a jury in 1999 in El Paso County District Court Case Number 97CR2521 of attempted second-degree murder, first-degree assault, first-degree assault upon a sudden heat of passion, first-degree sexual assault, first-degree criminal trespass, first-degree aggravated motor vehicle theft, second-degree kidnapping, and harassment. The jury found that four counts were crimes of violence. On April 13, 1999, Mr. Wilson was sentenced to a total of thirty-four years in prison.

On direct appeal, the Colorado Court of Appeals vacated the finding that the second-degree kidnapping conviction was a crime of violence, affirmed in all other respects, and remanded for resentencing on the second-degree kidnapping conviction. *Colorado v. Wilson*, No. 97CR2521 (Colo. Ct. App. Nov. 30, 2000). On April 23, 2001, the Colorado Supreme Court denied certiorari review. On June 15, 1992, the state trial court resentenced Mr. Wilson to twenty-six years of imprisonment. Mr. Wilson did not appeal this sentence.

Mr. Wilson's prior habeas corpus application was denied and the action was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). *See* ECF Nos.18 and 23 in No. 08-cv-00884-ZLW. On March 25, 2009, the United States Court of Appeals for the Tenth Circuit denied Mr. Wilson a certificate of appealability and dismissed his appeal. *See Wilson v. Estep*, No. 08-1397 (10th Cir. Mar. 26, 2009) (ECF No. 30 in No. 08-cv-00884-ZLW). Mr. Wilson notes this prior action in his amended habeas corpus application. *See* ECF No. 7 at 9.

The Court has examined the records for case number 08-cv-00884-ZLW and

finds that Mr. Wilson previously challenged the validity of the same conviction in that case.  Therefore, the Court finds that the instant application is a second or successive application subject to the restrictions on filing a second or successive application in 28 U.S.C. § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Wilson must apply to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for an order authorizing this Court to consider his second or successive habeas corpus application.  *See Case v. Hatch*, No. 11-2094, 2013 WL 1501521, *8 (10th Cir. 2013); *see also In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  Section 2244 requires an applicant to pass through two gates.  *Case*, 2013 WL 1501521 at *9.  If the circuit court finds that the applicant makes a *prima facie* showing that the application satisfied the requirements of § 2244(b), the applicant may pursue a claim in district court.  *Id.*  The second gate requires the applicant to back up the *prima facie* showing at the district court level with actual evidence to show he can meet this standard.  *Id.*  Thus, gate one is at the circuit court level where a preliminary assessment occurs based on the application, and gate two is at the district court level where a record is made and a final assessment occurs.  *Id.* at 11.

However, in the absence of a Tenth Circuit order authorizing this Court to consider a second or successive habeas corpus application, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See Cline*, 531 F.3d at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Wilson does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. *See* ECF No. 7 at 9. Therefore, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

In the instant action, Mr. Wilson asserts three claims: (1) Colo. Rev. Stat. § 17-2-201(5)(a) creates a liberty interest and mandates that parole be discretionary; (2) Colo. Rev. Stat. § 18-1-105(1)(a)(V), which generally imposes mandatory parole for all

4

criminal offenses committed on and after July 1, 1993, does not control over the more specific provisions of § 17-2-201(5)(a); and imposition of mandatory parole violates equal protection. These claims are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It appears that Mr. Wilson's claims would be time-barred even if he had sought proper authorization prior to filing in this Court. In addition, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Wilson's claims because his prior habeas corpus action challenging the validity of the same conviction was dismissed as time-barred. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 7) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 18th day of April, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court